Lin v. Whitaker

BIA
A099 938 809

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

JINCHUN LIN, AKA JIN CHUN LIN,
> *Petitioner,*

v.                                             14-3769
                                               NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Robert J. Adinolfi, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney General;

1

04122018-5

Ernesto H. Molina, Jr., Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinchun Lin, a native and citizen of the People's Republic of China, seeks review of a September 16, 2014, decision of the BIA denying her motion to reopen as untimely and number barred. *In re Jinchun Lin,* No. A099 938 809 (B.I.A. Sept. 16, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Lin moved to reopen her removal proceedings to present new evidence in support of her claimed fear of persecution in China based on the births of her U.S. citizen children in violation of China's population control program. It is

2

undisputed that Lin's motion to reopen was untimely and number barred because it was her second motion to reopen filed more than five years after her removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). These time and numerical limitations do not apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For largely the same reasons set forth in *Jian Hui Shao*, we find no error in the agency's determination that the isolated reports of force used to implement the family planning policy identified in Lin's new evidence failed to demonstrate a material change in conditions in China as needed to excuse the time and number limitations. *See* 546 F.3d at 159-66, 169-73 (noting that country conditions evidence from 2007 indicated that enforcement of family planning policy was generally lax in Fujian Province with isolated reports of

3

force being used); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court
```

4